**MEIXIA FENG, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 14-71896**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 15, 2017 *

Filed November 20, 2017

Armin Alexander Skalmowski, Alhambra, CA, for Petitioner

OIL, Leslie McKay, Esquire, Assistant Director, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Meixia Feng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny the petition for review.

The agency did not abuse its discretion in denying Feng's motion to reopen as untimely, where it was filed almost 13 years after her final order of removal, *see* 8 C.F.R. § 1003.23(b)(4), and Feng failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (equitable tolling

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances). Despite the BIA's determination that assertions in Feng's declaration were inherently unbelievable, both the IJ and the BIA treated as true her statements regarding diligence. Thus, we do not reach Feng's contention that the determination was improper.

**PETITION FOR REVIEW DENIED.**